**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**KATIE SESAY**                                                                  **PLAINTIFF**

v.                      **CASE NO. 4:10-CV-0728 BSM**

**BRAD HENDRICKS, P.A.** *d/b/a*
**BRAD HENDRICKS LAW FIRM; and**
**BRAD HENDRICKS**                                               **DEFENDANTS**

## ORDER

Defendants, Brad Hendricks, P.A. d/b/a Brad Hendricks Law Firm and Brad Henricks, move [Doc. No. 19] for summary judgment and plaintiff, Katie Sesay, objects [Doc. No. 29]. For the reasons set forth below, defendants' motion for summary judgment is GRANTED.

### I. FACTS

Katie Sesay, a black woman, was hired by the Brad Hendricks Law Firm on July 6, 2009, to work as a bankruptcy paralegal. She was terminated on August 13, 2009. She filed this lawsuit on June 24, 2010, alleging that she is the victim of racial discrimination.

This is a simple case with straightforward and undisputed facts. On June 12, 2009, Lindsey Dilks, a bankruptcy attorney at the Brad Hendricks Law Firm, was notified by the United States Bankruptcy Court for the Eastern District of Arkansas that her client's case had been dismissed for failure to pay the $91 filing fee. Upon investigation, Dilks discovered that Sesay was the paralegal assigned to the case and that her client had delivered the filing fee to Sesay. Sesay, however, failed to follow the law firm's policy regarding the handling of client funds. As a result of Sesay's failure to follow firm policy, the client's funds were lost

and the filing fee was never paid. Dilks discussed the situation with the firm's owner, Brad Hendricks, and Hendricks terminated Sesay.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if, after viewing the evidence in the light most favorable to Sesay, no genuine issues of material fact exist and defendants are entitled to judgment as a matter of law. *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8th Cir. 2008). Sesay cannot survive the motion for summary judgment merely by pointing to disputed facts; the facts in dispute must be material to the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1985). If the facts alleged by Sesay, when viewed in the light most favorable to her case, would not allow a reasonable jury to find in her favor, then summary judgment should be granted in favor of defendants. *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006).

## III. DISCUSSION

A plaintiff alleging race discrimination may survive summary judgment either by presenting direct evidence of discrimination or by creating an inference of discrimination under the *McDonnell Douglas* burden-shifting analysis. *See*, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). As Sesay has not presented any direct evidence of discrimination, the *McDonnell Douglas* analysis applies.

Under *McDonnell Douglas*, Sesay bears the burden of first making out a prima facie case of discrimination. *Lake v. Yellow Transp., Inc.*, 596 F.3d 871, 873–74. Once she makes

out a prima facie case, the burden then shifts to the defendants to provide a legitimate nondiscriminatory reason for their decision. *McDonnell Douglas Corp.,* 411 U.S. at 802. If defendants present such a reason, the burden shifts back to Sesay to present evidence that the proffered reason is merely a pretext. *Lake*, 596 F.3d at 873–74.

To make out a prima facie case for employment discrimination, Sesay needs to establish: (1) that she is a member of a protected class; (2) that she was qualified for the job; (3) that she was discharged; and (4) the position was filled by a similarly qualified applicant outside the protected class . *Putnam v. Unity Health Sys.*, 348 F.3d 732, 736 (8th Cir. 2003). In proving her prima facie case, Sesay is not required to disprove defendants' reason for her termination. Sesay proves her prima facie case if, setting aside those reasons, she was otherwise meeting the firm's legitimate expectations. *Lake*, 596 F.3d at 874.

Although a great amount of analysis could be devoted to the prima facie case, the key issue presented is whether defendants had a legitimate non-discriminatory reason for terminating Sesay. It is undisputed that Sesay violated company policy, lost client funds, and ultimately caused the dismissal of a client's case. Dilks Aff. ¶ 3–9. In the Eighth Circuit, a violation of company policy is a legitimate non-discriminatory reason for terminating an employee. *Tymon v. Wells*, 462 F.3d 925, 935 (8th Cir. 2006). Defendants have therefore proffered a legitimate non-discriminatory reason for terminating Sesay.

In rebuttal, Sesay points out that a white employee, Robin Morgan, violated company policy without being terminated. To create the inference of discrimination, Sesay must do

more than present evidence that another employee was treated differently; she must also show that the employee was similarly situated. *Lanear v. Safeway Grocery*, 843 F.3d 298, 300–301 (8th Cir. 1988). If Sesay and Morgan were not similarly situated, no inference of discrimination results from them being treated differently.

The uncontradicted evidence demonstrates that Sesay and Morgan were not similarly situated because their conduct and the results emanating therefrom were substantially dissimilar. *See*, *Lanear*, 843 F.3d at 301. The record indicates that, on August 2, 2009, Morgan misplaced one dollar of client funds and immediately notified the financial administrator of the mistake. *Id.* ¶ 10. The next day, Morgan found the dollar in her desk and turned it over to the financial department. In the end, her mistake did not prejudice the client's case at all. *Id.* ¶. Unlike Sesay, Morgan discovered her mistake immediately, took steps to mitigate the harm, and corrected the problem.

## IV.  CONCLUSION

The record clearly shows that the Brad Hendricks Law Firm had a legitimate non-discriminatory reason to terminate Sesay. Furthermore, although Sesay asserts in her response to the motion for summary judgment [Doc. No. 29] that more discovery will yield "substantial evidence" of discrimination, she has provided nothing to indicate what that evidence might be. For all of these reasons, defendants' motion for summary judgement [Doc. No. 19] is granted and Sesay's case is dismissed with prejudice.

IT IS SO ORDERED this 31st day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE